**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

ABRAHAM ISA,
:
    Petitioner,                                   Case No. 3:12-cv-249

:                 District Judge Walter Herbert Rice
   -vs-                                        Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden, Chillicothe
 Correctional Institution,
:
    Respondent.

---

## REPORT AND RECOMMENDATIONS

---

       Petitioner Abraham Isa brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his convictions in the Champaign County Common Pleas Court on charges of rape and gross sexual imposition for which he was sentenced to 24.5 years confinement in Respondent's custody.

       The Petition was filed in this Court's Cincinnati location on July 16, 2012.  The proper venue for habeas corpus cases is at the location of court which serves the Ohio county in which the conviction occurred.  S. D. Ohio Civ. R. 82.1(f).  Because the Dayton location of court serves Champaign County (S. D. Ohio Civ. R. 82.1(b)), the case was transferred to Dayton on July 24, 2012 (Doc. No. 2).

       This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:

              If it plainly appears from the petition and any attached exhibits that

> the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

## Procedural History

Petitioner was sentenced December 4, 2007 (Journal Entry of Judgment, Petition, Doc. No. 1, Exhibits V, W, X, Y, Z[1]).  On direct appeal the judgment was affirmed on November 14, 2008. *State v. Isa*, No. 07-CA-37, 2008 Ohio 5906, 2008 Ohio App. LEXIS 4967 (Ohio App. 2nd Dist. Nov. 14, 2008).  The Ohio Supreme Court declined further review on April 8, 2009.  *State v. Isa*, 121 Ohio St. 3d 1440 (2009).  In December, 2009, Isa filed two motions to correct the judgments which were denied by the trial court.  He claimed that his judgment was void for failure to include in writing or advise him orally of the required term of post-release control, but the court of appeals later found the required language was included in the entry.  *State v. Isa*, Nos. 10-CA-1, 10-CA-2, 2010 Ohio 3770, ¶¶ 11-15, 2010 Ohio App. LEXIS 3194 (Ohio App. 2nd Dist. Aug. 13, 2010). The second motion concerned which of the sentences were to be served concurrently and which consecutively and no error was found.  The Ohio Supreme Court again declined to exercise jurisdiction over an appeal on December 29, 2010.  *State v. Isa*, 127 Ohio St. 3d 1485 (2010).

28 U.S.C. §2244 (d), adopted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"),  provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

---
1 Although Petitioner has numbered the pages as separate exhibits, they all form part of one judgment entry.

review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

Section 18 of the prescribed form for § 2254 petitions requires a petitioner to explain why the one-year statute of limitations contained in § 2244 does not apply if the petition is filed more than one year after the judgment of conviction becomes final.  In this section of his Petition, Mr. Isa provides no explanation, but sets out a "Conclusion," making again his argument from Ground One that an indictment which is not signed by the grand jury "floor" person is void and does not confer jurisdiction on the Common Pleas Court.  Earlier in the Petition when asked to explain why he did not exhaust state remedies on Ground One, he wrote "A void judgment can be brought at any time, either directly or collaterally."  (Petition, Doc. No. 1, PageID 5.)

Mr. Isa's conviction became final, at the latest, when Ohio Supreme Court declined jurisdiction over his second appeal. A state post-conviction petition is not pending so as to toll the statute of limitations during the pendency of a petition for certiorari or during the time when such a petition could have been filed. *Lawrence v. Florida*, 549 U.S. 327 (2007). Mr. Isa did not file his Petition in this Court until July 16, 2012, more than eighteen months later.

28 U.S.C. § 2244 contains no exception for habeas corpus claims that the state court lost jurisdiction. Therefore the Petition is barred by the statute of limitations and should be dismissed with prejudice.

July 27, 2012.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).